UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23252-RAR
(19-CR-20003-RAR)

**BRAULIO HILARIO PEREZ**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER DENYING MOTION TO VACATE

**THIS CAUSE** comes before the Court on Braulio Hilario Perez's Motion to Vacate under 28 U.S.C. § 2255, *see* Motion to Vacate ("Mot.") [ECF No. 1], and his accompanying memorandum of law, *see* Memorandum of Law ("Mem." [ECF No. 3]. Respondent has filed a Response to the Motion. *See* Response ("Resp.") [ECF No. 7]. Having reviewed the pleadings, Movant's criminal docket, and the applicable law, the Court finds that Movant has failed to demonstrate he is entitled to relief and **DENIES** the instant Motion.

## PROCEDURAL HISTORY

"On August 2, 2018, defendant got into a verbal altercation with his landlord's son Julio Hernandez and Hernandez's guest, during which Perez flashed a firearm. Hernandez called the police, who came and arrested Perez." *United States v. Perez*, 844 F. App'x 113, 115 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 203 (2021). Although the police could not find the firearm during their initial search, Hernandez later observed the firearm and "called the police again to say that he had found a firearm in the apartment." *Id.* Movant was ultimately charged by Superseding Indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

*See* Superseding Indictment, *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. July 12, 2019), ECF No. 21 at 1–2. After a jury trial, Movant was found guilty as charged in the Superseding Indictment. *See* Verdict, *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Aug. 8, 2019), ECF No. 62 at 1.

Movant's sentencing hearing took place on December 11, 2019. The primary issue at sentencing was whether Movant qualified for an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"). *See* Sentencing Tr., *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Jan. 28, 2020), ECF No. 109 at 2 ("The Court: So as I'm sure you've already seen, the main question here will be to review the qualification of Mr. Perez under [ACCA.]"). After hearing the argument of the parties, the trial court determined that Movant qualified for an ACCA-enhanced sentence based on binding Eleventh Circuit precedent. *See id.* at 5 ("The Court: So we have resolved that. So there are three qualifying offenses. The case law from the 11th Circuit unequivocally establishes it as such."). Thereafter, the Court adjudicated Movant guilty and sentenced him to 188 months in the custody of the Bureau of Prisons. *See* Judgment, *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Dec. 11, 2019), ECF No. 90 at 2. Movant appealed his conviction and sentence to the Eleventh Circuit, arguing, *inter alia*, that the trial court erred in classifying him as an armed career criminal. *See Perez*, 844 F. App'x at 119. The Eleventh Circuit affirmed on all counts. *See id.*

## STANDARD OF REVIEW

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is only entitled to relief under § 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by

law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside shall discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b). The § 2255 movant "bears the burden to prove the claims in his § 2255 motion." *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015).

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, the movant must demonstrate "that (1) his counsel's performance was deficient and 'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his defense." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88). "Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009).

Regarding the deficiency prong, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take" during the proceedings. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). If "some reasonable lawyer at the trial

could have acted, in the circumstances, as defense counsel acted at trial[,]" counsel did not perform deficiently. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992)).

As for the second prong, "a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If a postconviction movant has pled guilty to the underlying offenses, the prejudice prong is modified so that the movant is instead required to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## **ANALYSIS**

The instant Motion raises two grounds for relief, but both focus on the same alleged error. In Ground One, Movant contends that "the trial court erred when it sentenced Petitioner under [ACCA] which was based on a prior State of Florida conviction for mere snatching. That is not a violent felony under state nor federal law." Mot. at 4. Movant clarifies in his Memorandum of Law that he believes that his 1993 conviction for strong-arm robbery does not qualify as a "violent felony" for purposes of ACCA. *See* Memo. at 2 ("Petitioner contends that his prior State of Florida conviction, for strongarm robbery, docket number F93-34666B; no longer qualifies as a violent felony, for enhancement purposes."). Movant then argues in Ground Two that his trial counsel was ineffective for failing to object to the trial court's error. *See* Mot. at 5 ("[H]ad counsel conducted a proper investigation, i.e., research it could have discovered the cases in Petitioner's

attached [Memorandum of Law]."). Respondent counters that the Eleventh Circuit has already conclusively determined that strong-arm robbery under Florida law qualifies as a violent felony, and that neither the trial court nor Movant's attorney erred in failing to find otherwise. Respondent's argument is exactly right.

A defendant who is convicted of felon-in-possession of a firearm under 18 U.S.C. § 922(g) is considered an armed career criminal if he or she "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions from one another[.]" 18 U.S.C. § 924(e)(1); *accord United States v. Washington*, 707 F. App'x 687, 688 (11th Cir. 2017) ("Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years of imprisonment if he has three prior convictions for a 'violent felony' or 'serious drug offense' that are 'committed on occasions different from one another.'"). Movant's Presentence Investigation Report ("PSI") identified three "violent felonies" which qualified as predicate offenses for ACCA purposes: a 1987 Florida conviction for resisting arrest with violence, a 1993 Florida conviction for strong-arm robbery, and a 1996 Florida conviction for armed robbery, aggravated battery, and kidnapping. *See* PSI, *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Oct. 7, 2019), ECF No. 78 at ¶ 24.

Although Movant's counsel conceded that Movant's 1996 convictions qualified as a predicate offense, she argued that Movant's 1987 and 1993 convictions did not qualify as "violent felonies." *See* Objections to PSI, *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Oct. 22, 2019), ECF No. 79 at 1-7; Sentencing Tr., *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Jan. 28, 2020), ECF No. 109 at 2–6. *First*, counsel argued that, based on the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), Movant's 1993 conviction did not qualify as a violent felony because it occurred before the Florida Supreme Court's decision in *Robinson v.*

*State*, 692 So. 2d 883 (Fla. 1997). *See* Objections to PSI, *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Oct. 22, 2019), ECF No. 79 at 3 ("Under the Supreme Court's reasoning, *Stokeling* supports the notion that a robbery conviction involving less force than is required by *Robinson*—such as Mr. Perez's strongarm robbery conviction—would not qualify under [ACCA's] elements clause.") (emphasis in original). *Second*, counsel claimed that Movant's 1987 conviction for resisting arrest with violence also was not a violent felony, but conceded that this argument was contradicted by binding Eleventh Circuit caselaw. *See id.* at 6–7 (citing *United States v. Hill*, 799 F.3d 1318, 1322–23 (11th Cir. 2015)).

The trial court rejected both arguments. It found that the Eleventh Circuit had concluded that both resisting arrest with violence and pre-*Robinson* strong-arm robbery are violent felonies under ACCA's elements clause which foreclosed Movant's arguments to the contrary. *See* Sentencing Tr., *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Jan. 28, 2020), ECF No. 109 at 4–5; *see also, e.g.*, *Hill*, 799 F.3d at 1322 ("[W]e have held that a prior conviction for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA.") (citing *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012)); *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016) ("Fritts also argues that before the Florida Supreme Court's 1997 decision in [*Robinson*], only the slightest force was sufficient to convict a defendant of Florida robbery. In fact, in *Robinson*, the Florida Supreme Court made clear that the § 812.13 robbery statute has never included a theft or taking by mere snatching because snatching is theft only and does not involve the degree of physical force needed to sustain a robbery conviction under § 812.13(1).") (emphasis in original). When Movant's counsel raised this argument again before the Eleventh Circuit it too concluded that "both his 1987 conviction for

resisting arrest with violence and 1993 Florida strong-arm robbery conviction . . . qualif[y] as a violent felony under the elements clause of ACCA." *Perez*, 844 F. App'x at 119.

On this record, the Court concludes that Movant's claims are procedurally barred. "A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and we rejected on direct appeal." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). It is beyond dispute that Movant argued on appeal that his 1993 conviction for strong-arm robbery was not a qualifying offense under ACCA and that this same argument was rejected by the Eleventh Circuit. *See Perez*, 844 F. App'x at 119. Movant's argument that trial counsel failed to raise this issue is also conclusively refuted by the record. *See* Objections to PSI, *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Oct. 22, 2019), ECF No. 79 at 2-6; Sentencing Tr., *United States v. Perez*, No. 19-CR-20003 (S.D. Fla. Jan. 28, 2020), ECF No. 109 at 4–5. Even if the ineffective assistance of counsel claim was not procedurally barred, the Eleventh Circuit's repudiation of the same underlying argument means that counsel could not be ineffective for failing to raise it. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) ("[C]ounsel is not ineffective for failing to raise claims reasonably considered to be without merit.") (cleaned up). Since Movant repeats the same argument that was conclusively rejected by the Eleventh Circuit, his claims must be denied as procedurally barred.

Of course, a procedural bar can be overcome where "there is an intervening change in law." *Seabrooks*, 32 F.4th at 1383. Movant appears to allege that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) fits the bill. *See* Memo. at 2 ("*Davis* extended its holding . . . to section 924(c) and held that section 924(c)(3)(B)'s residual clause, like the residual clause in the armed career criminal act and 18 U.S.C. 16(b), is unconstitutionally vague."). Movant is mistaken. While it is true that *Davis* invalidated § 924(c)'s residual clause, that has nothing to do

with this case. Movant's sentence was predicated on ACCA's elements clause—not § 924(c)'s residual clause. *Cf. Fowler v. United States*, No. 17-10114, 2022 WL 35615, at *3–4 (11th Cir. Jan. 4, 2022) (holding that a claim based on ACCA's elements clause "is distinct from a *Davis* claim"). The Court also notes that the Eleventh Circuit has continued to hold that pre-*Robinson* Florida robberies continue to qualify as "violent felonies," even after *Davis*. *See Welch v. United States*, 958 F.3d 1093, 1098 (11th Cir. 2020) ("We thus concluded that Florida robbery has always required force sufficient to satisfy ACCA's elements clause.") (emphasis added).[1] Since *Davis* has no applicability to this case, it is not an "intervening change in law" that can overcome the procedural bar.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.") (cleaned up).

## CERTIFICATE OF APPEALABILITY

A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a postconviction movant must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that

---

[1] Movant appears to make another claim, buried deep within Ground One, that he is "actually innocent" of his § 922(g) conviction because it is not a "crime of violence" under *Davis*. *See* Memo. at 4 ("Petitioner contends that in light of *Davis*, *supra*, he is 'actually innocent' of the crime of conviction."). Again, neither *Davis* nor § 924(c) have any bearing on this case. Movant is not serving an enhanced sentence because § 922(g) is a "crime of violence"—his sentence is the result of his three prior violent felony convictions that satisfy ACCA's elements clause. *See* 18 U.S.C. § 924(e)(1)–(2).

reasonable jurists would debate either "whether the [motion] states a valid claim or the denial of a constitutional right" or "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find the correctness of the Court's rulings debatable. Accordingly, a COA is denied and shall not issue.

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Motion to Vacate [ECF No. 1] is **DENIED**. All pending motions are **DENIED as moot**. Any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, on this 10th day of January, 2023.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc: Counsel of record

Braulio Hilario Perez
18116-104
Coleman I – United States Penitentiary
Inmate Mail/Parcels
P.O. Box 1033
Coleman, FL 33521
PRO SE